# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

James S. Williams

July 9, 2009

Case No. (Crim.) FE-2009-905

BY JUDGE DAVID S. SCHELL

This matter is before the court for ruling on a "Motion to Suppress Identification Testimony" filed by counsel for the defendant. A hearing was held on June 19, 2009. At that hearing, Detective Griffith testified as to circumstances of the photo identification. The arguments of counsel were considered by the Court. In addition, the briefs filed by the Commonwealth and the Defendant were considered by the Court. The matter was taken under advisement.

*Discussion*

A. *Factual and Procedural Background*

At the hearing, Detective Griffith testified that she met with the victim in her home on January 16, 2009. This was soon after the offense. The Detective informed the victim that the person who committed the offense may or may not be in the photographs presented. The Detective reviewed the "Photographic Lineup Instructions" with the victim, Commonwealth's Exhibit # 1, attached hereto. The Detective then presented the photographs to the victim, Commonwealth's Exhibit # 2, beginning with the top picture and continuing one at a time through the stack. Upon seeing the fourth picture, the victim immediately said: "That's him."

The Detective responded: "OK, we need to go through the rest of the photographs," or words to that effect. The person selected by the victim was later arrested for the crimes of abduction with intent to defile and misdemeanor sexual battery.

B. *Findings of Fact and Conclusions of Law*

Upon viewing the photographs, it is clear that the fourth photograph from the top of the stack is a male who appears much older than the other males in the other five photographs. Five of the males appear to be in their twenties while the defendant appears to be at least in his late forties. The age difference appears to be in excess of twenty years. The contrast between the defendant and the other persons is startling and obvious.

To be suppressed, a pretrial identification resulting from a photographic display must have been impermissibly suggestive and this flaw must have created a substantial likelihood of irreparable misidentification. *Simmons v. United States*, 390 U.S. 377, 88 S. Ct. 967, 19 L. Ed. 2d 1247 (1968); *Hodges v. Commonwealth*, 45 Va. App. 735, 613 S.E.2d 834 (2005).

Evidence of pretrial identification by use of photographs will be admitted if the identification was not unduly suggestive or the procedure was unduly suggestive, but the identification is nevertheless so reliable that there is no substantial likelihood of misidentification. *Hill v. Commonwealth*, 2 Va. App.683, 347 S.E.2d 913 (1986).

If the procedure is unduly suggestive, five factors are to be considered by the Court to determine if the identification is nevertheless reliable. Those factors are: (1) The opportunity of the witness to observe the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness' confrontation; and (5) the length of time between the crime and the confrontation. *Neil v. Biggers*, 409 U.S. 188, 93 S. Ct. 375, 34 L. Ed. 2d 401 (1972); *Yarborough v. Commonwealth*, 15 Va. App. 638, 426 S.E.2d 131 (1993).

In addition, even if the evidence of the pretrial identification cannot be admitted, an in-court identification may still be made if the origin of that identification is independent of the inadmissible pretrial identification procedures. *Hill v. Commonwealth*, 2 Va. App. 683, 347 S.E.2d 913 (1986).

The Court finds that the photographs presented to the victim were impermissibly and unduly suggestive due to the age difference between five of the males and the defendant.

However, the Court has insufficient evidence to determine whether or not the pretrial identification is nevertheless so reliable that there is no substantial likelihood of misidentification.

## Conclusion

Accordingly, this matter is set for hearing on August 14, 2009, at 10:00 a.m. for a hearing before Judge Schell in order to hear evidence regarding: (1) The opportunity of the witness to observe the criminal at the time of the crime; (2) the witness' degree of attention: (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness' confrontation; and (5) the length of time between the crime and the confrontation.

The issue of the in-court identification of the defendant was not addressed at the hearing; therefore, no ruling on that issue is appropriate at this time.

## Appendix

### Photographic Lineup Instructions

There are photos of six similar individuals that will be handed to you, one at a time. There is a possibility that one of the individuals may have been involved in your case. There is also the possibility that none of the individuals pictured were involved in your case. You are the only one who knows. It is just as important to clear innocent persons from suspicion as to identify guilty parties.

There is nothing in this set of photographs that is meant to influence your decision. DO NOT CONSIDER:

1. The sequence in which you are handed the photographs.
2. The background of the photographs.
3. The size of the faces (compared with faces in other photographs).
4. The location of the faces in the photographs (may not be centered).
5. The quality of the photographs (focus, darkness).
6. Any markings on the photographs (bent corners, staple marks, etc.).
7. Any clothing worn by the individuals; or
8. Anything other than the features of the individual's picture, but remember that facial and head hair can be cut or grown.

Before making a selection, please view all of the photographs carefully. If you recognize any individual pictured, tell the detective which photograph and why you recognize the individual. If you do not recognize any individual,

tell the detective you do not recognize anyone. DO NOT GUESS. Regardless of whether identification is made, the Police will continue to thoroughly investigate the case.